UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| DONALD RAY HOBGOOD, JR., ) | |
| ) | Case Nos. 4:20-cv-1, 4:17-cr-15 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Susan K. Lee |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

**AMENDED MEMORANDUM OPINION[1]**

Before the Court is Petitioner Donald Ray Hobgood, Jr.'s *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1, in Case No. 4:20-cv-1; Doc. 98, in Case No. 4:17-cr-15). For the following reasons, the Court will **DENY** Petitioner's § 2255 motion.

I.  BACKGROUND

On January 31, 2018, a jury found Petitioner guilty of possession of a firearm by a convicted felon on January 20, 2017 (Superseding Count One), possession of a firearm or ammunition by a convicted felon on February 15, 2017 (Superseding Count Two), and possession of ammunition by a convicted felon on February 15, 2017 (Superseding Count Three), in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docs. 20, 66, in Case No. 4:17-cr-15.) On July 13, 2018, the Court sentenced Petitioner to eighty-six months' imprisonment and

---

[1] This memorandum opinion hereby **AMENDS** the Court's memorandum opinion dated February 12, 2020 (Doc. 6).

three years of supervised release on each of Counts One and Three, to be served concurrently.[2] (Docs. 93, 94, in Case No. 4:17-cr-15.) The Court entered judgment on July 23, 2018. (Doc. 94, in Case No. 4:17-cr-15.) Petitioner did not appeal or move for an extension of time to file an appeal. (*See* Doc. 1, at 1, in Case No. 4:20-cv-1.)

Petitioner filed the instant § 2255 motion on January 2, 2020. (*See* Doc. 1-1, in Case No. 4:20-cv-1 (date stamped on envelope)); *Houston v. Lack*, 487 U.S. 266, 270 (1988) (noting that a petitioner is deemed to have filed his motion on the day he "presented it to prison authorities"). In his motion, Petitioner asserts that his convictions must be vacated because: (1) he is "actually innocent" in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because the Court did not instruct the jury that knowledge of his status as a felon was a required element of his offenses; and (2) his trial counsel was constitutionally ineffective, under *Lafler v. Cooper*, 566 U.S. 156 (2012), due to his incorrect advice about the consequences of pleading guilty, and that this incorrect advice caused him to proceed to trial rather than plead guilty. (*See* Doc. 1, at 4–5.) Petitioner's motion is now ripe for the Court's review.

## II. STANDARD OF REVIEW

To obtain relief under § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete

---

[2] The Court vacated Superseding Count Two, in accordance with the Government's recommendation, because Superseding Counts One and Two involved the same firearm. (Docs. 93, 94, in Case No. 4:17-cr-15; *see* Doc. 83, at 1, in Case No. 4:17-cr-15 (Government's sentencing memorandum citing *United States v. Throneburg*, 921 F.2d 654, 657 (6th Cir. 1990)).

miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Section 2255(f) places a one-year period of limitation on all petitions for collateral relief under § 2255, which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In ruling on a § 2255 petition, the Court must also determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Martin*, 889 F.3d at 832 (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)) (internal quotation marks omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When petitioner's factual narrative of the events

is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

## III. ANALYSIS

Petitioner's § 2255 motion is untimely with respect to his ineffective-assistance-of-counsel claim. Pursuant to § 2255(f)(1), Petitioner needed to file a § 2255 motion asserting his ineffective-assistance-of-counsel claim within one year of the date on which his judgment of conviction became final. 28 U.S.C. § 2255(f)(1). Because Petitioner did not appeal, his conviction became final on July 27, 2018, fourteen days after the Court entered judgment (*see* Doc. 94, in Case No. 4:17-cr-15), when his window to file a notice of appeal closed. *See* Fed. R. App. P. 4(b)(1)(A)(ii); *see, e.g.*, *Sanchez-Castellano v. United States*, 358 F.3d 424, 425–26 (6th Cir. 2004). Petitioner filed the instant motion more than a year afterwards, on January 2, 2020. (Doc. 1-1, in Case No. 4:20-cv-1.) Because § 2255(f)(2), § 2255(f)(3), and 2255(f)(4) do not apply to extend Petitioner's limitation period for this claim, § 2255(f)(1) provides the applicable one-year limitation period. Thus, Petitioner's ineffective-assistance-of-counsel claim is barred as untimely, and the Court need not reach the merits.

Petitioner's *Rehaif* claim, on the other hand, may be timely under § 2255(f)(3), which allows a petitioner to file his motion within one year of the "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Although some circuit courts and several district courts in the Sixth Circuit have concluded that *Rehaif* is not retroactively applicable on collateral review, the Sixth Circuit has not yet addressed the issue. *United States v. Burley*, No. 3:14-CR-122, 2020 WL 2126682, at *1 (N.D. Ohio May 5, 2020) (collecting cases). The Government argues that the *Rehaif* rule does

4
Case 4:20-cv-00001-TRM-SKL   Document 10   Filed 05/21/20   Page 4 of 7   PageID #: 33

apply retroactively to cases on collateral review "because 'it alters the range of conduct or the class of persons that the law punishes.'" (Doc. 8, at 1–2 (citing *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016)).) If *Rehaif* applies retroactively to cases on collateral review, then Petitioner's *Rehaif* claim is timely under § 2255(f)(3), as *Rehaif* was decided in June 2019, and Petitioner raised the claim in January 2020.

The Court need not decide, however, because even if Petitioner's *Rehaif* claim is timely, it is procedurally defaulted. Issues not raised on appeal are procedurally defaulted and "may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Petitioner did not appeal his conviction and, thus, did not raise the objection on direct appeal that he lacked knowledge of his status as a felon. *See United States v. Wooden*, 945 F.3d 498, 506 (6th Cir. 2019) (finding that raising this objection on direct appeal would not have been futile and that the objection was not unavailable to the petitioner); *see also Bousley v. United States*, 523 U.S. 614, 622 (1998) ("[F]utility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" (internal quotation marks and citations omitted)). Thus, Petitioner's claim is procedurally defaulted.

A court may excuse a procedural default and consider a claim on its merits if a petitioner can make a threshold showing that he was "actually innocent," *Smith v. Murray*, 477 U.S. 527, 537 (1986)—that it was "more likely than not that no reasonable juror would have convicted him" had the jury been properly instructed and the parties been given the opportunity to present the relevant evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In this case, the question is whether the Government would have been able to put forward evidence such that a reasonable juror would have concluded Petitioner was aware of his status as a felon when he possessed a

firearm. Petitioner had been convicted of five felonies, and had served more than three years in prison for those convictions, before he possessed the firearm in this case. (Doc. 91, in Case No. 4:17-cr-15.) As a result, a reasonable juror would likely find that he was aware of his status as a felon, and, thus, he cannot make a threshold showing of actual innocence. Accordingly, the procedural default is not excused.

Finally, the Court notes that Petitioner's five previous felony convictions also provide strong evidence that his *Rehaif* claim—even if it were not procedurally defaulted—is meritless because the failure to instruct the jury as to the awareness-of-status element was harmless error, rather than an error of "constitutional magnitude" or one that would render his trial invalid. *See Short*, 471 F.3d at 691; *see also Murr v. United States*, 200 F.3d 895, 906 (6th Cir. 2000) (noting that, on collateral review, a petitioner must show that any error had a "substantial and injurious effect or influence in determining the jury's verdict").

## IV. CONCLUSION

The record before the Court conclusively shows that Petitioner is not entitled to relief as to either of his two claims. Accordingly, an evidentiary hearing is unnecessary. *See Martin*, 889 F.3d at 832. Petitioner's § 2255 motion (Doc. 1, in Case No. 4:20-cv-1; Doc. 98, in Case No. 4:17-cr-15) is **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**.

Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure

and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**